UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

TONY LEE JENKINS,

    Debtor,

---

| | |
|---|---|
| TONY LEE JENKINS, | CHAPTER 13 |
| | COURT FILE NO.: 10-05912-8-SWH |
|     Plaintiff, | |
| | ADV. PRO. No.:11-00080-8-SWH |
| v. | |
| GENESIS FINANCIAL SOLUTIONS and VATIV RECOVERY SOLUTIONS, LLC, | |
|     Defendants. | |

## JOINT MEMORANDUM OF LAW IN SUPPORT DEFENDANTS GENESIS FINANCIAL SOLUTIONS AND VATIV RECOVERY SOLUTIONS, LLC'S MOTION TO DISMISS

Defendants Genesis Financial Solutions ("GFS") and Vativ Recovery Solutions, LLC ("Vativ") (collectively, "Defendants"), through their counsel, submit this memorandum of law in support their Joint Motion to Dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6).

### I. STATEMENT OF FACTS[1]

Plaintiff attempts to assert numerous claims against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 - 1692p[2] (Docket Entry No. 1, ¶¶

---

[1] For the purposes of this Motion only, Defendants assume that the factual allegations in Plaintiff's Complaint are correct.
[2] Unless otherwise noted, all references to the United States Code refer to Title 15.

1772472v1

25-29), and N.C. Gen. Stat. § 58-70-90 *et seq.* (*Id.* at ¶¶ 31-40). At the crux of Plaintiff's claims are allegations that Defendants filed of two proofs of claim on allegedly time-barred debt, which Plaintiff claims violated the FDCPA (*id.* at ¶ 28), and N.C.G.S. §§ 58-70-110 and 58-70-115. (*Id.* at ¶ 35.) Notably, Vativ has filed withdrawals of both claims. (*Id.* at ¶ 22.) On information and belief, Plaintiff sought no contempt-of-court or other remedy in the underlying bankruptcy case in connection with the filed-and-withdrawn proofs of claim. (*See* Docket in Case No. 10-05912 (Bankr. E.D.N.C.).)

## II.  ARGUMENT

### A.  Legal Standard.

#### 1.  Motion to dismiss.

Fed. R. Civ. P. 12(b)(6) provides that a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, pursuant to Fed. R. Civ. P. Rule 12(b)(6), the court must determine whether "the complaint sets forth a legally sufficient claim for relief." The court takes the factual allegations in the complaint as true and construes the pleadings in the light most favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Under Rule 12(b)(6), a motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, not the facts supporting it. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Because, however, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests," the plaintiff must allege facts that show that its claim is plausible, not merely speculative. *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964, 1966

(2007); *see* Fed. R. Civ. P. 8(a)(2). The court does not have to accept legal conclusions that are couched as factual allegations, *Twombly*, 127 S.Ct. at 1964, or "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *see also In re Caremerica, Inc.*, 409 B.R. 349 (Bankr. E.D.N.C. 2009) (applying *Twombley* standard in adversary proceedings). The plaintiff does not have to show that it is likely to obtain relief: if the complaint alleges — directly or indirectly — each of the elements of "some viable legal theory," the plaintiff should be given the opportunity to prove that claim. *Twombly*, 127 S.Ct. at 1969 & n.8. *But see Ashcroft v. Iqbal*, 556 U.S. --, --, 129 S. Ct. 1937, 1949 (2009) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility.")

**B.    Defendants Reacted Appropriately to Debtor's Objections to Its Claims.**

In the underlying bankruptcy case, the attorney for the Plaintiff objected to the proofs of claim filed by Vativ on two grounds: (1) the failure of Defendants to attach sufficient supporting documentation to the proofs of claim, as required by Fed. R. Bankr. P. 3001; and (2) the fact that the debt was unenforceable against the Plaintiff under North Carolina law. (*See* Docket Entry 1 ¶ 20.)

### 1.    Lack of Documentation of a Claim, Alone, Is Not a Basis for Disallowance.

First, "bankruptcy courts in the Fourth Circuit have held that a lack of documentation of the claim is not a basis for disallowance." *In re Andrews*, 394 B.R. 384, 389 (Bankr. E.D.N.C. 2008) (*citing In re Herron*, 92 B.R. 184, 190 (Bankr. D. Md. 2008), *In re Simms*, 2007 WL 4468682 at *2 (Bankr. N.D. W. Va. 2007)). *See also* 9 *Collier on Bankruptcy* ¶ 3001.01 (Alan N. Resnick & Henry J. Somme reds., 15th ed. rev. 2007) ("…the majority

-3-

1772472v1

view is that failure to attach documents required by Rule 3001 and Official Form 10 is not, by itself, a basis for disallowance"). *"The appropriate remedy for failure to properly document a claim or assignment of claim under Rule 3001 is that the claim loses its prima facie presumption of validity and amount."* *Andrews*, 394 B.R. at 389 (emphasis added).

    2.    <u>The Statute of Limitations Bars the Collection of Debt, But Does Not Extinguish It.</u>

Under North Carolina law, the running of the statute of limitations, N.C.G.S. § 1-52(1), does not extinguish a debt, but instead provides a defense to its collection. *Mrozek v. Mrozek*, 496 S.E.2d 836, 839 (N.C. Ct. App. 1998) (internal citations omitted); *see also Davis v. Mills*, 194 U.S. 451 (1904). Section 501(b)(1) of the Bankruptcy Code, moreover, clearly provides that one of the grounds for disallowing a claim is that the claim is unenforceable under applicable law. "A statute of limitations, such as North Carolina's three-year statute of limitations, is the type of applicable law referred to in § 502(b)(1) that is grounds for disallowing a claim." *Andrews*, 394 B.R. 384, 388 (Bankr. E.D.N.C. 2008). The *Andrews* court goes on to state that "a proof of claim based on a stale claim will be deemed allowed under § 501(a) unless the affirmative defense is raised in a filed objection." *Id.* (internal citation omitted).

    3.    <u>Defendants Acted in Good Faith Upon Receipt of Debtor's Objections.</u>

While the FDCPA prohibits "unfair and unconscionable" collection practices, the appropriate standard of judgment for whether the bankruptcy claims process has been abused is whether the proofs of claim in question are false and fraudulent. *See In re Varona*, 388 B.R. 705, 721 (Bankr. E.D. Va. 2008). Defendants' claims were neither false nor

-4-

fraudulent. As set forth above, the North Carolina statute of limitations does not extinguish a debt; rather, it bars the collection of the debt. On similar facts, the *Varona* court found that proofs of claim for time-barred debts were not false nor fraudulent merely because Virginia state law, like that of North Carolina, bars the enforcement of such claims. *Id.* at 723-24. Finally, Defendants acted in good faith in withdrawing its proofs of claim upon notice of Debtor's objections.[3]

### C.   Plaintiff's Allegations Fail to Make Out a Claim Under Either the FDCPA or the North Carolina Statute.

#### 1.   Proofs of Claim Cannot Form the Sole Basis for FDCPA Claims.

Despite Plaintiff's allegations, there is ample and widespread authority that the FDCPA is not intended to provide a remedy for claims filed in a bankruptcy proceeding. *In re Varona*, 388 B.R. at 719 (collecting cases).

In *In re Varona*, although the Plaintiffs acknowledged that the FDCPA is not applicable to bankruptcy proceedings, they nevertheless asked the Court to invoke reasoning from FDCPA decisions in imposing sanctions on Defendants. *In re Varona*, 388 B.R. at 711. The Court declined to do so, but discussed the issue at some length. *Id.* at 717-21. Notably, the Court distinguished the unsophisticated consumer contemplated by the FDCPA and the consumer in bankruptcy, stating:

> The FDCPA guards against collection practices waged directly against a potentially unknowledgeable consumer. In the bankruptcy process, frequently, as here, debtors are represented by knowing counsel with the system of court scrutiny available to review claims and protect the rights of parties, including the debtor. As such, and as a number of courts have

---

[3] Defendants acknowledge that, procedurally, because the claims had been objected to, they should have proceeded pursuant to Fed. R. Bankr. P. 3006, and noticed the Trustee. However, Defendants note that the *Andrews* court addressed similar facts and did not find Defendants' conduct sanctionable. *See Andrews*, 394 B.R. at 385.

concluded in finding the FDCPA inapplicable to bankruptcy claims, there is no compulsion to invoke the principles of the FDCPA in the instant matter.

*Id.* at 720.

Similarly, in *In re Chaussee*, 399 B.R. 225 (9th Cir. BAP 2008), the Bankruptcy Appellate Panel (B.A.P.) for the Ninth Circuit reversed the Bankruptcy Court's denial of a proof of claim claimant's motion to dismiss Plaintiff's Complaint where Plaintiff had alleged violations of the FDCPA and the Washington Consumer Protection Act arising solely from the filing of two proofs of claim for time-barred debt. The BAP distinguished the facts before it from those in *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004), a case where a debtor's FDCPA claim for violating the Bankruptcy Code was allowed to proceed, stating:

> Unlike in *Randolph*, where the debtor's claim against the creditor was based upon the creditor's actions taken after conclusion of the bankruptcy case, the purported FDCPA violation targets B-Real's act of filing a proof of claim in the pending bankruptcy case *Application of the FDCPA to this conduct would certainly conflict with the [Bankruptcy] Code.*

*In re Chaussee*, 399 B.R. at 237 (emphasis added).

The *Chaussee* BAP goes on to delineate the important distinction between the underlying purposes of the FDCPA and the bankruptcy claims process: "The FDCPA's purpose is to govern the methods used to collect debts. The claims process, on the other hand, is a process in which the amount and validity of a debt is established for purposes of obtaining a distribution from the bankruptcy estate." *Id.* at 244. The BAP concluded that "the filing of a proof of claim is not a debt collection activity within the meaning of the FDCPA," stating that it

> [did] not see how furnishing the type of information contained in a proof of claim would, in any sense, be an 'unfair or unconscionable means' of debt collection when filed in the bankruptcy court. On the contrary, by filing a

-6-

> proof of claim, appellant was merely following the claims procedure prescribed by the Code and the Rules. While the proof of claim may have been based on a debt that debtor did not owe, it does not logically follow that whenever a debt collector files a proof of claim in bankruptcy proceeding that this constitutes an unlawful attempt to collect a debt in violation of FDCPA § 1692f.

*Id.* at 244-45. Because the filing of the proofs of claim do not constitute debt collection activity within the meaning of the FDCPA, and Plaintiff's claims are based solely on Defendants' filing of Claims Nos. 5 and 6, Plaintiff's FDCPA claims fail and dismissal of these claims, with prejudice, is appropriate.

### 2. Proofs of Claim Cannot Form the Sole Basis for Plaintiff's Claims under the North Carolina Statute.

The reasoning set forth by the Bankruptcy Appellate Panel in *In re Chaussee, supra,* applies to Plaintiff's North Carolina statutory claims as well. Section 58-70-110 provides, in relevant part:

> No collection agency shall collect or attempt to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive, or misleading representation. Such representations include, but are not limited to the following:
> ***
> (4) Falsely representing the character, extent, or amount of any debt against a consumer or of its status in any legal proceeding; falsely representing that the collection agency is in any way connected with any agency of the federal, State or local government; or falsely representing the creditor's rights or intentions;[4]

Again, the filing of the proofs of claim does not constitute collection activity regulated by N.C.G.S. § 58-70-110. Because Plaintiff's North Carolina claims are based entirely on the Defendants' filing of Claims 5 and 6 in the underlying bankruptcy, Plaintiff has not made out

---

[4] This language closely echoes that found in the FDCPA at 15 U.S.C. § 1692e (False or misleading representations).

a cause of action under this section and dismissal of these claims, with prejudice, is also appropriate.

Section 58-70-115, in turn, provides:

No collection agency shall collect or attempt to collect any debt by use of unfair practices. Such practices include, but are not limited to, the following:
\*\*\*
> (4) When the collection agency is a debt buyer or is acting on behalf of a debt buyer, bringing suit or initiating an arbitration proceeding against the debtor or otherwise attempting to collect on a debt when the collection agency knows, or reasonably should know, that such collection is barred by the applicable statute of limitations.
> (5) When the collection agency is a debt buyer or acting on behalf of a debt buyer, bringing suit or initiating an arbitration proceeding against the debtor, or otherwise attempting to collect on the debt without (i) valid documentation that the debt buyer is the owner of the specific debt instrument or account at issue and (ii) reasonable verification of the amount of the debt allegedly owed by the debtor. For purposes of this subdivision, reasonable verification shall include documentation of the name of the original creditor, the name and address of the debtor as appearing on the original creditor's records, the original consumer account number, a copy of the contract or other document evidencing the consumer debt, and an itemized accounting of the amount claimed to be owed, including all fees and charges.[5]

Here again, the proofs of claim simply do not constitute collection activity. As *In re Chaussee* makes clear, the filings are for the purposes of establishing the amount and validity of a debt for purposes of obtaining a distribution from the bankruptcy estate. Furthermore, the United States Bankruptcy Court for the Western District of North Carolina has specifically found that "[t]he provisions of N.C. Gen. Stat. § 58-70-115(5) are inapplicable to the proof of claim process." *See In re William Franklin Mabry, Sr.*, Case No. 10-40004 (Bankr. W.D.N.C. March 22, 2011, Docket Entry No. 194). Because Plaintiff's allegations are based on

---

[5] This language closely echoes that found in the FDCPA at 15 U.S.C. § 1692f (Unfair practices).

conduct that is not collection activity for purposes of §§ 58-70-115(4) and 58-70-115(5), dismissal of Plaintiff's claims under these sections of the N.C.G.S. is appropriate, as well.

### 3. Plaintiff's Claim for Statutory Damages and Attorney's Fees is Preempted by Federal Law.

Finally, the debtor seeks statutory damages and attorney's fees pursuant to N.C.G.S. §58-70-130. (Docket Entry No. 1, ¶¶ 36-39.) These claims cannot lie. As the U.S. Bankruptcy Court for the Western of District of North Carolina has held where plaintiffs attempted to assert state law claims based solely on bankruptcy court filings, "Plaintiff's state law claims are preempted by the Bankruptcy Code because 'the federal bankruptcy law occupies the field, there is simply no room for the state cause of action.'" *Williams v. Chase Manhattan Mortg. Corp.*, 2005 U.S. Dist. LEXIS 45606 at *22 (W.D.N.C. March 2, 2005) (internal citation omitted). The *Williams* court continued, "allowing state law claims to proceed here for acts that are lawful under the federal [bankruptcy] scheme would frustrate the Bankruptcy Code and federal authority in the area." *Id.* at *24. Plaintiff's state law claims in the instant matter are preempted on the same grounds.

### III. CONCLUSION

For all of the reasons stated above, Defendants respectfully request that the Court dismiss each of Plaintiff's claims against Defendants, with prejudice, on the merits pursuant to Fed. R. Civ. P. 12(b)(6).

This the 6th day of April, 2011.

/s/ Caren D. Enloe
Caren D. Enloe
SMITH DEBNAM NARRON DRAKE

1772472v1

SAINTSING & MYERS, LLP
PO Drawer 26268
Raleigh, NC 27611
E-Mail: cenloe@smithdebnamlaw.com
Telephone:(919) 250-2000
NC State Bar No. 17394

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

This the 6th day of April 2011.

/s/Caren Enloe

**Attorneys for Defendant Genesis Financial Solutions and Vativ Recovery Solutions, LLC**