UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN RE:

TONY LEE JENKINS,                          CHAPTER 13
                                           CASE NO.  10-05912-8-SWH
      DEBTOR.
_____

TONY LEE JENKINS,

      PLAINTIFF,

vs.                                        A.P. NO.  11-00080-8-SWH

GENESIS FINANCIAL SOLUTIONS and
VATIV RECOVERY SOLUTIONS, LLC,

      DEFENDANTS.

**PLAINTIFF'S RESPONSE
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

      NOW COMES the Plaintiff, through counsel, in response to Defendants Genesis Financial Solutions and Vativ Recovery Solutions, LLC's Joint Motion to Dismiss the above-captioned Adversary Proceeding pursuant to Fed. R. Civ. P. 12(b)(6), and for the reasons set forth in the attached Memorandum of Law, hereby opposes such motion and requests that it be denied.

      This the 16th day of May, 2011.

      **THE BLEDSOE LAW FIRM by**
      s./ Joseph A. Bledsoe, III
      Joseph A. Bledsoe, III
      Attorney at Law
      3217 Friendly Road
      Fayetteville, NC 28304
      (910) 223-3277
      NC State Bar No.: 19817
      jbledsoe@attorneybledsoe.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN RE:

TONY LEE JENKINS,                              CHAPTER 13
                                               CASE NO. 10-05912-8-SWH
    DEBTOR.

_____

TONY LEE JENKINS,

    PLAINTIFF,

vs.                                            A.P. NO. 11-00080-8-SWH

GENESIS FINANCIAL SOLUTIONS and
VATIV RECOVERY SOLUTIONS, LLC,

    DEFENDANTS.

### MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS

NOW COMES the Plaintiff, through counsel, and hereby submits this memorandum of law in opposition to Defendants Genesis Financial Solutions and Vatic Recovery Solutions, LLC's Joint Motion to Dismiss.

### I.  STATEMENT OF FACTS

The Plaintiff adopts the statement of facts provided by the Defendants in their Joint Memorandum of Law in Support of Defendants Genesis Financial Solutions and Vativ Recovery Solutions, LLC's Motion to Dismiss (hereinafter "Defendants' Memorandum").

### II.  LEGAL STANDARD

The Plaintiff adopts the statement of Defendants in Defendants' Memorandum of the legal standard for the allowance of a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).

## III.  ARGUMENTS

A.  **The Filing of a Proof of Claim Alone Can, Under Appropriate Circumstances, Constitute a Violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et. seq.*)(hereinafter "FDCPA") and/or N.C.G.S. § 58-70-110 and 58-70-115.**

The Fourth Circuit Court of Appeals has specifically held that "*all* litigation activities, including formal pleadings, are subject to the FDCPA[.]" Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 231 (4th Cir. 2007)(emphasis added).  While the filing of a proof of claim is clearly authorized under the Bankruptcy Code, both the Federal Rules of Civil Procedure and the rules of civil procedure of the various states likewise authorize the filing of Complaints and other documents in connection with legal actions.  Therefore, there is absolutely no reason to assume that "all litigation activities," as contemplated and considered by the Fourth Circuit, does not include the filing of proofs of claim in a bankruptcy case.  Simply put, the mere fact that the Bankruptcy Code *authorizes* the filing of proofs of claim does not grant to any entity the indiscriminate right to file a claim,[1] and the cases cited by defendants in support of their assertion that "Proofs of Claim Cannot Form the Sole Basis for FDCPA Claims," (Defendants' Memorandum, p. 5), appear to be wholly inconsistent with the law of this Circuit.

Furthermore, at least one court has concluded that the filing of a proof of claim can, by itself, under appropriate circumstances, constitute a violation of the FDCPA.  In Kline v. Mortgage Electronic Sec. Systems, 659 F.Supp.2d 940 (S.D. Ohio 2009), one of the plaintiffs faced a 12(b)(6) Motion to Dismiss based on the claim that the creditor "violated the FDCPA by filing a proof of claim in [the debtor's] bankruptcy proceeding, which made a claim for fees

---

[1]For example, 18 U.S.C. § 152(4) provides that it is a crime for any person to knowingly file a fraudulent proof of claim in a bankruptcy case.

2

which could not be lawfully recovered." Kline at 946. The court denied the creditor's 12(b)(6) motion, finding that "the Bankruptcy Code did not impliedly repeal the FDCPA, in cases where the plaintiff's claim under the FDCPA arose out of actions that occurred during a bankruptcy proceeding." Id. at 951.

It is also interesting to note that even the cases cited by Defendants do not support the conclusion they suggest. In Chaussee, for example, the court stated "we hold that . . . the [Bankruptcy] Code precludes the application of the FDCPA *under these facts*." In re Chaussee, 399 B.R. 225, 235 (9th Cir. BAP 2008). The court then expounded, stating "in reaching our decision, . . . we assume, but decline to decide, that filing a proof of claim in a bankruptcy case *can*, alone, constitute a FDCPA violation." Id. at 235 (footnote 12)(emphasis added). Although the Chaussee court also found that the filing of a proof of claim based on a time-barred claim was not a violation of the FDCPA, the facts of the instant case are substantively different.

Defendants are correct that, as a general proposition, the running of the statute of limitations does not, under North Carolina law, extinguish a debt, but rather only provides a debtor-defendant with an affirmative defense in a collection suit. *(See* Defendants' Memorandum, p. 4). Prior to 2009, this general proposition would have applied to all purported "creditors." In 2009, however, the North Carolina General Statutes were amended to add new constraints on debt collectors and buyers attempting to collect debts. Among these new constraints, a debt collector or buyer may not make any attempt "to collect on a debt when the [collector] knows, or reasonably should know, that such collection is barred by the applicable statute of limitations." N.C.G.S. § 58-70-115(4). Similarly, a collector may not make any attempt "to collect on a debt without . . . reasonable verification of the amount of the debt

3

allegedly owed [including] a copy of the contract . . . and an itemized accounting of the amount claimed to be owed . . .."  N.C.G.S. § 58-70-115.  Both consumers and the North Carolina Attorney General are authorized by the statute to bring a suit for enforcement of these provisions.  N.C.G.S. § 58-70-130.  Thus, when the owner of the "debt" is a debt buyer, such as are the Defendants in this action, the statute of limitations is not merely an affirmative defense available to a debtor-defendant.  Rather, it is a bar to collection, and attempts by a debt buyer to collect on a time-barred claim are considered unfair or deceptive acts or practices under North Carolina law.  N.C.G.S. § 58-70-130.  Such attempts are, therefore, unlawful.  Under *these* circumstances, then, where applicable non-bankruptcy law actually prohibits the collection of the debt altogether, the question thus becomes does the Bankruptcy Code override the state and federal law protections which would otherwise be afforded a debtor.

In Randolph v. IMBS, Inc., 368 F.3d 726 (7th Cir. 2004), the Court of Appeals considered whether the Bankruptcy Code operated to preempt claims brought under the FDCPA, and concluded that it did not.  The Court initially noted that, when two federal statutes address the same subject in different ways, it must be determined whether one statute operates to implicitly repeal the other through irreconcilable conflict or a clearly expressed legislative intent.  Id. at 730.  The issue was whether or not a collection agency could be held liable for a violation of the FDCPA for sending a debtor in bankruptcy a collection letter in violation of the automatic stay of 11 U.S.C. § 362.  Rejecting the creditor's contention that a debtors' only recourse for such a violation was to seek sanctions against the collector in accordance with 11 U.S.C. § 362(h), the Court found that there is no implied preemption where it is easy to enforce both federal statutes and a debt collector can comply with both statutes simultaneously.  Id. at 730.

Likewise, there should be no finding that the Bankruptcy Code preempts the debtor's state law protections in this matter. "Federal bankruptcy law preempts state law, but only to the extent that there is an actual conflict between the two." In re Tate, 253 B.R. 653, 670 (Bankr. W.D.N.C. 2000)(citations omitted). As the Fourth Circuit has stated:

> When we address the question of whether state law actually conflicts with federal law, we resolve the more specific inquiries of whether "it is impossible to comply with both state and federal law" or "whether the state law stands as an obstacle to the accomplishment of the full purposes and objectives" of federal law.

Worm v. American Cynammid Company, 970 F.2d 1301, 1304 (1992) (citing Silkwood v. Kerr-McGee Corp., 464 U.S. 238, 248 (1984)).

It is entirely possible for an entity to comply both with the Bankruptcy Code and Article 70, Chapter 58 of the North Carolina General Statutes. Whether or not such an entity holds a valid claim against the debtor will, in most cases, be determined under state law. ("What claims of creditors are valid and subsisting obligations against the bankrupt at the time a petition in bankruptcy is filed is a question which, in the absence of a preempting federal law, is to be determined by reference to state law." In re Varona, 388 B.R. 705, 721 (Bankr. E.D.Va. 2008)). An entity which holds a legitimate and enforceable claim against the debtor, even an original creditor which holds an otherwise time-barred claim, has nothing to fear in filing a proof of claim. On the other hand, any entity which knows, or has reason to know, that its "claim" against the debtor has been extinguished, by payment, operation of law or otherwise, *should be* deterred from filing what amounts to a false claim, to the possible detriment of the debtor and other creditors in the case. The fact that the Defendants herein filed proofs of claim against the debtor which would have been unlawful to pursue under North Carolina law clearly distinguishes this case from the Williams case cited by defendants. (Williams v. Chase Manhattan Mortgage

5

Corp., 2005 U.S. Dist. LEXIS 45606 at *22 (W.D.N.C. March 2, 2005), *cited* in Defendants' Memorandum, p. 9). It is, in fact, not lawful for an entity to present a false claim in a bankruptcy proceeding, and to assert a claim based on a debt which an entity is prohibited from collecting under law is to assert a false claim, no less than would be the filing of a claim which an entity knew was based on a debt which had been discharged in a previous bankruptcy. The Bankruptcy Code, after all, defines a "claim" as a "*right* to payment[.]" 11 U.S.C. § 101(5)(A) (emphasis added). If an entity does not have a "right" to payment, then under the Code it has no "claim," and to suggest otherwise is to present a false claim. Thus, in this sense, the state law in question and the FDCPA help promote, and certainly do not conflict, with the proper objectives of the Bankruptcy Code.

  **B.** **The Filing of Defendants' Proofs of Claim Violated N.C.G.S. §§ 58-70-110 and/or 58-70-115**, **and further violated the FDCPA.**

    1. <u>The filing of a proof of claim in bankruptcy is an attempt to collect a debt</u>.

An unsecured creditor in a bankruptcy case must file a proof of claim in order for its claim to be allowed. Fed. R. Bankr. P. Rule 3002(a). Only allowed claims are entitled to participate in a distribution in a Chapter 7 liquidation or under a Chapter 13 plan. 11 U.S.C. §§ 726 and 1326(c); Fed. R. Bankr. P. Rule 3021. Unsecured creditors listed in the bankruptcy schedules, who have proper notice of the bankruptcy, and who fail to timely file a proof of claim are subject to having their claims discharged, notwithstanding the fact that they may not participate in any distribution from the Trustee or bankruptcy estate. 11 U.S.C. §§ 727, 1328 and 524. Accordingly, while it is debatable whether or not the filing of the proofs of claim by the Defendants in this case were attempts to collect debts *in violation of the FDCPA and/or*

6

*applicable North Carolina law* (based on the status and types of claims asserted), it is inarguable that the filing of such proofs of claim was an attempt to collect a debt.

        2.    <u>The filing of the proofs of claim by the defendants in the plaintiff's bankruptcy case violated North Carolina law</u>.

North Carolina law makes *any* attempt made by a debt buyer or debt collector to collect on a time-barred debt, or made without proper documentation, an unfair and deceptive act or practice. N.C.G.S. §§ 58-70-115(4), 58-50-115(5) and 58-70-130. Since the filing of a proof of claim is an attempt to collect a debt, such attempts by defendants were made in violation of North Carolina law.

        3.    <u>Such collection attempts also violated the FDCPA</u>.

Since under North Carolina law, the "claims" of the defendants against the plaintiff had effectively been barred, any attempt to collect on such "claims," including an attempt made via the filing of a proof of claim in the plaintiff's bankruptcy case, were also in violation of the FDCPA.

### IV. CONCLUSION

For those reasons stated herein above, the plaintiff respectfully requests that the Court deny defendants' Motion to Dismiss made pursuant to Fed. R. Civ. P. 12(b)(6), and for such other relief as this Court deems just and proper.

This the 16th day of May, 2011.        **THE BLEDSOE LAW FIRM by**
 s./ Joseph A. Bledsoe, III
Joseph A. Bledsoe, III
Attorney at Law
3217 Friendly Road
Fayetteville, NC 28304
(910) 223-3277
NC State Bar No.: 19817
jbledsoe@attorneybledsoe.com

**CERTIFICATE OF SERVICE**

      I, Joseph A. Bledsoe, III, of THE BLEDSOE LAW FIRM, do hereby certify, under penalty of perjury, that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age; and that on May 16, 2011, I served copies of the foregoing **Plaintiff's Response in Opposition to Defendants' Motion to Dismiss** and **Memorandum of Law in Opposition to Defendants Motion to Dismiss** upon the parties set forth below:

Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MEYERS, LLP
P. O. Drawer 26268
Raleigh, NC 27611

Carol A. Morrison
Attorney at Law
3217 Friendly Road
Fayetteville, NC 28304

Trawick H. Stubbs, Jr.
Ch. 13 Trustee
P.O. Box 1618
New Bern, NC 28563-1618

      Unless **electronic noticing** was indicated on the confirmation provided up in the filing of such document(s), service was accomplished by regular U.S. mail, first-class postage pre-paid.

                                         s./ Joseph A. Bledsoe, III
                                         Joseph A. Bledsoe, III